**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br> P.O. Box 710 <br> Tucson, AZ 85702-0710 <br><br>        Plaintiff, <br><br>    v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue, NW <br> Washington, DC 20460 <br><br>        Defendant. | <br><br> Civil Action No.: <br><br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **(Freedom of Information Act, 5 U.S.C. § 552)** |

## INTRODUCTION

1.      In this action, Plaintiff Center for Biological Diversity ("Center") challenges the failure and refusal of Defendant, U.S. Environmental Protection Agency ("EPA"), to provide records to the Center in response to requests for records submitted on November 30, 2020, and January 25, 2021, for which there are no applicable exemptions, in violation of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA").

2.      The Center's FOIA requests seek Defendant EPA's records mentioning the pesticide aldicarb—a pesticide banned in more than 100 countries and one of only 36 pesticides classified as "extremely hazardous" by the World Health Organization.  EPA approved up to 2.5 million pounds of aldicarb for use on up to 100,000 acres of Florida oranges and grapefruit on January 12, 2020 in a last-minute decision by the administration under former President Donald Trump.  In 2011, the EPA and Bayer reached an agreement to end the use of aldicarb in the United States after the EPA found that its ongoing use posed unacceptable dietary risks to infants

and young children. The crop use that resulted in the highest risk to infants and children was citrus, which Bayer agreed to cancel immediately.

3.    The Defendant's delays in providing records in response to the FOIA requests at issue may be placing human health and imperiled species at risk from EPA's authorization of the use of pesticide products containing aldicarb without ensuring that their use will not jeopardize endangered or threatened species or that it will not result in unreasonable adverse effects on people or the environment.

4.    The Center seeks declaratory relief establishing that Defendant has violated FOIA.  The Center also seeks injunctive relief ordering Defendant to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7.    Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.    Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

9.    Plaintiff Center for Biological Diversity is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats, including from exposure to toxic chemicals.  The Center has more than

COMPLAINT                                                     Center for Biological Diversity

84,000 members.  The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of the EPA's registration of the pesticide aldicarb.  Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest.  Absent this information, the Center cannot advance its mission to protect native species and their habitat.

10.      Defendant U.S. Environmental Protection Agency is an independent agency of the U.S. government.  EPA is in possession and control of records responsive to the Center's FOIA requests, or, has no responsive records, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

11.      FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies.  5 U.S.C. § 552.

12.      FOIA places the burden on the agency to show that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

13.      Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination.  *Id.* § 552(a)(6)(A)(i).  In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched."  *Id.* § 552(a)(6)(B)(i).

COMPLAINT                                                                              Center for Biological Diversity

14.     If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

15.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).  Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

16.     FOIA requires federal agencies to promptly disclose requested records.  *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

17.     In certain limited instances, records may be withheld pursuant to nine specific exemptions.  *Id.* § 552(b).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

18.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

19.     FOIA also imposes strict deadlines on federal agencies to decide whether to grant or deny any appeals of their FOIA determinations. Specifically, agencies must decide appeals within 20 working days of receiving them. *Id.* § 552(a)(6)(A)(ii). An agency may extend the 20-working-day deadline for deciding an appeal by 10 additional days, but only if it provides written

notice to the requester that sets forth "unusual circumstances" that justify the extension and a date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B).

20.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

21.     FOIA authorizes the Court to retain jurisdiction while the agency produces records to allow the agency additional time to produce the records beyond the proscribed statutory timeframe if agency is exercising due diligence and exceptional circumstances exist. *Id*. § 552(a)(6)(C)(ii).  Exceptional circumstances cannot be a "delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id*. § 552(a)(6)(C)(ii).

## STATEMENT OF FACTS

### Request to EPA (EPA-2021-001167)

22.     On November 30, 2020, the Center submitted to the U.S. Environmental Protection Agency Headquarters the following FOIA request related to records:

> From September 1, 2018 to the date EPA conducts this search, the records of communications between the EPA employees listed below, and the employees of AgLogic Chemical LLC, MEYCorp (domain name: @meycorp.com), Florida Fruit & Vegetable Association ("FFVA"), Florida Department of Agriculture and Consumer Services (domain name: @FreshFromFlorida.com AND @FDACS.gov) ("FDACS"), and/or the Florida Department of Citrus ("FDOC") mentioning the keyword "aldicarb."
>
> EPA Employees:
>
> 1. Andrew Wheeler, Administrator;
> 2. Carrie Vicenta-Meadows, Agricultural Advisor to Andrew Wheeler;
> 3. Ryan Jackson, Chief of Staff;
> 4. Arnold Layne, Deputy Director for Management, Office of Pesticides Program ("OPP");

COMPLAINT                                                    Center for Biological Diversity

5. Alexandra Dapolito Dunn, Assistant Administration, Office of Chemical Safety and Pollution Prevention ("OCSPP");

6. Nancy B. Beck, Principal Deputy Assistant Administrator, OCSPP;

7. Richard Keigwin, Former Director EPA Pesticide Programs;

8. Michael Goodis, Acting Deputy Director of Programs;

9. Tom Tyler, Chief of Staff, OCSPP;

10. Edward Messina, Acting Director, EPA Pesticide Programs;

11. David Fischer, Deputy Assistant Administrator, OCSPP;

12. Lek Kadeli, Acting Deputy Assistant Administrator for Management;

13. Doug Benevento, Associate Deputy Administrator;

14. Henry Darwin, Assistant Deputy Administrator;

15. Mandy Gunasekara, Chief of Staff;

16. Michael Molina, Deputy Chief of Staff;

17. Charlotte Bertrand, Deputy Assistant Administrator;

18. Erik Baptist, Senior Deputy General Counsel in the Office of General Counsel;

19. Wesley J. Carpenter, Deputy Chief of Staff;

20. Carol Ann Siciliano, Associate Assistant Administrator;

21. Helena Wooden-Aguilar, Deputy Associate Administrator Office of Policy ("OP");

22. Brittany Bolen, Associate Administrator OP;

23. Kevin Wheeler, Principal Deputy Associate Administrator OP;

24. Dan Rosenblatt, Deputy Director;

25. Marietta Echeverria, Registration Division ("RD") Director;

26. Kable (Bo) Davis, Senior Advisor RD;

27. Catherine Aubee, Associate Director RD;

28. Susan Park, Agricultural Advisor to EPA Region 4 Administrator;

29. Mary Walker, Administrator for Region 4;

30. Kimberly Bingham, Chief, Pesticides Region 4;

31. John Blevins, Acting, Deputy Region 4:

32. Blake M. Ashbee, Chief of Staff, Region 4;

33. Brandi Jenkins, Director, Office of Outreach and External Engagement ("OOEE") Region 4; and

34. Mark Fite, Director, Strategic Programs Office ("SPO") Region 4.

23.    On December 1, 2020, EPA wrote that the FOIA request was assigned for

processing to the Office of Chemical Safety and Pollution Prevention FOIA Program.

24.    On December 30, 2020, EPA wrote that staff "have submitted the E-discovery

search for the records for EPA-2021-001167 [and we] anticipate having the pre-case assessment

on the number of potentially response [sic] records form [sic] the IT staff within the next 2

weeks."  In that response EPA's summary of the request omitted the following individuals:

COMPLAINT                                                        Center for Biological Diversity

Marietta Echeverria, Registration Division ("RD") Director; Kable (Bo) Davis, Senior Advisor RD; Catherine Aubee, Associate Director RD; Susan Park, Agricultural Advisor to EPA Region 4 Administrator; Mary Walker, Administrator for Region 4; Kimberly Bingham, Chief, Pesticides Region 4; John Blevins, Acting, Deputy Region 4 Administrator; Blake M. Ashbee, Chief of Staff, Region 4; Brandi Jenkins, Director, Office of Outreach and External Engagement ("OOEE") Region 4; and Mark Fite, Director, Strategic Programs Office ("SPO") Region 4.

25.     On March 9, 2021 the Center sent EPA a notice of deadline violation, request for estimated date of completion, and an offer to assist for EPA FOIA request EPA-HQ-2020-001167. The Center stated:

> Since the request was submitted, 66 workdays have passed with no determination from EPA.
>
> Pursuant to FOIA, 5 U.S.C. § 552(a)(6)(A)(i), a determination on this request was due 20 business days after your receipt of the request, or December 30, 2020. Furthermore, FOIA allows an agency to extend the decision deadline beyond the 20 workdays only with "written notice to the person making such request setting forth unusual circumstances for the requested extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days … ." 5 U.S.C. § 552(a)(6)(B)(i). As described above, EPA did not provide specific assertion of an "unusual circumstance" that would delay a decision on this request, nor did they provide an estimated completion date.

26.     On March 9, 2020, EPA responded that it is "currently completing the FOIA exemption review [and] we anticipate completing the processing of this request within the next 2 to 3 weeks, if not sooner."

27.     EPA has not provided the Center with any records in response to its November 30, 2020 FOIA request (EPA-2021-001167).

28.     EPA has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed

the Center that it may appeal any specific adverse determination within the relevant time periods

in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

29.     The Center is deemed to have exhausted its administrative remedies pursuant to 5

U.S.C. § 552(a)(6)(C)(i).

30.     EPA has no lawful basis under FOIA for its delay and has provided no lawful

basis to withhold or redact the records the Center requested in its November 30, 2020 request.

31.     The Center has been required to expend resources to prosecute this action.

### Request to EPA (EPA-2021-002026)

32.     On January 15, 2021, the Center submitted to the U.S. Environmental Protection

Agency Headquarters the following FOIA request related to records:

> From May 1, 2019 to the date EPA conducts this search, the internal and external records
> of communications involving the EPA employees listed below mentioning the keyword
> "aldicarb:"
>
> 1. Debra Rate, Senior Regulatory Specialist;
> 2. Shanta Adeeb, Product Manager 10;
> 3. Marion Johnson, Chief;
> 4. David Nadrchal, Risk Assessor;
> 5. Sarah Dobreniecki, Biologist;
> 6. Kelly Lowe, Environmental Scientist;
> 7. William Donovan, Chemist;
> 8. Michael S. Metzger, Branch Chief, RAB V/VII HED;
> 9. Philip Villanueva, Senior Physical Scientist;
> 10. David J. Miller, Branch Chief;
> 11. Jeana Hansel, Plant Pathologist;
> 12. Rebeccah Waterworth, Entomologist;
> 13. Lindsey Hendrick, Biologist;
> 14. Monisha Kaul, Chief Biological Analysis Branch;
> 15. Hope Johnson, Chief Science Information and Analysis Branch;
> 16. James Lin, Environmental Engineer, Environmental Fate and Effects
> Division ("EFED");
> 17. Stephen Wente, Senior Scientist EFED;
> 18. Karen Milians, Risk Assessment Process Leader EFED;
> 19. Amy Blankinship, Branch Chief EFED;
> 20. Michael Wagman, Senior Scientist EFED; and

COMPLAINT                                                    Center for Biological Diversity

21. Nick Federoff, Biologist EFED.

33.     On January 19, 2021, EPA wrote that the FOIA request was assigned for processing to the Office of Chemical Safety and Pollution Prevention FOIA Program.

34.     On February 8, 2021, EPA wrote to the Center that the fee waiver request was not applicable because EPA had determined that the "request will not meet the cost threshold; therefore, it is not billable."

35.     On February 9, 2021, EPA wrote to the Center that an extension of time is necessary to respond to the request based on the unusual circumstance that the response would "require a significant amount of EPA's resources and time to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request."  EPA estimated completion by October 8, 2021.  EPA did not explain the apparent discrepancy between the February 8 determination that the request will not meet the cost threshold and the February 9 statement of need for additional time due to unusual cricumstances.

36.     EPA has not provided to the Center any records responsive to its January 15, 2021, FOIA request (EPA-2021-002026).

37.     EPA has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time period in 5 U.S.C. § 552(a)(6)(a)(i) or 5 U.S.C. § 552(a)(6)(B).

38.     The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

COMPLAINT                                                          Center for Biological Diversity

39.     EPA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its January 15, 2021, FOIA request.

40.     The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

### EPA's Missed FOIA's Mandatory Determination Deadline and Failed to Promptly Produce Records for the Center's FOIA Request EPA-2021-001167

41.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

42.     The Center properly requested records within the control of EPA through its November 30, 2020, FOIA request, EPA-2021-001167, to the agency.

43.     The Center has a statutory right to a lawful final determination from EPA on the Center's FOIA Request, EPA-2021-001167, in a manner that complies with FOIA.  EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

44.     EPA violated FOIA and EPA's implementing regulations for FOIA by improperly withholding records that are responsive to the Center's FOIA requests. "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (2013) *citing* 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

45.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

COMPLAINT                                                            Center for Biological Diversity

46.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions.

47.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

48.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

**SECOND CLAIM FOR RELIEF**

**EPA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request EPA-2021-001167**

49.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

50.     The Center has a statutory right to have EPA process the Center's FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  EPA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

51.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

52.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

53.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

COMPLAINT                                                                 Center for Biological Diversity

## THIRD CLAIM FOR RELIEF

### EPA Failed to Disclose All Records that Are Responsive to the Center's FOIA Request EPA-2021-001167

54.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

55.     The Center has a statutory right to the records it requested, and EPA has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A). EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

56.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

57.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

58.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## FOURTH CLAIM FOR RELIEF

### EPA Missed FOIA's Mandatory Determination Deadline and Failed to Promptly Produce Records for the Center's FOIA Request EPA-2021-002026

59.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

60.     The Center properly requested records within the control of EPA through its January 15, 2021, FOIA request, EPA-2021-002026, to the agency.

COMPLAINT                                                                Center for Biological Diversity

61.     The Center has a statutory right to a lawful final determination from EPA on the Center's FOIA Request, EPA-2021-002026, in a manner that complies with FOIA.  EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

62.     EPA violated FOIA and EPA's implementing regulations for FOIA by improperly withholding records that are responsive to the Center's FOIA requests. "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (2013) *citing* 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

63.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

64.     The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions.

65.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

66.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

**FIFTH CLAIM FOR RELIEF**
**EPA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request EPA-2021-002026**

67.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

COMPLAINT                                                                    Center for Biological Diversity

68.     The Center has a statutory right to have EPA process the Center's FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  EPA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

69.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

70.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

71.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## SIXTH CLAIM FOR RELIEF

### EPA Failed to Disclose All Records that Are Responsive to the Center's FOIA Request EPA-2021-002026

72.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

73.     The Center has a statutory right to the records it requested, and EPA has provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records.  *See* 5 U.S.C. § 552(b)(1)-(9); 5 U.S.C. § 552(a)(8)(A).  EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

74.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

COMPLAINT                                                                          Center for Biological Diversity

75.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

76.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare that the Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's two FOIA requests, submitted on November 30, 2020, and January 25, 2021;

(2)     Order the Defendant to search for any and all responsive records to Plaintiff's two FOIA requests submitted on November 30, 2020, and January 25, 2021, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(3)     Order the Defendant to produce, by a date certain, any and all nonexempt responsive records or segregable portion of the records and a *Vaughn* index of any responsive records or portion of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4)     Enjoin the Defendant from continuing to withhold any and all nonexempt responsive records or segregable portion of the records;

(5)     Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records or portion of the records are improperly withheld;

(6)     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

COMPLAINT                                                                    Center for Biological Diversity

(7)    Grant such other and further relief as the Court may deem just and proper.

DATED: March 15, 2021              Respectfully submitted,

                                   /s/Jonathan Evans
                                   JONATHAN EVANS
                                   Center for Biological Diversity (D.C. Bar No. CA00044)
                                   1212 Broadway, Suite 800
                                   Oakland, CA 94612
                                   Tel: (510) 844-7100 x318
                                   Fax: (510) 844-7150
                                   *jevans@biologicaldiversity.org*

                                   STEPHANIE M. PARENT (D.C. Bar No. OR0012)
                                   Center for Biological Diversity
                                   P.O. Box 11374
                                   Portland, OR 97211
                                   Tel: (971) 717-6404
                                   Fax: (503) 283-5528
                                   *sparent@biologicaldiversity.org*

                                   *Attorneys for Plaintiff*

COMPLAINT                                          Center for Biological Diversity